**United States District Court**
**Northern District of Alabama**
**Southern Division**

FILED
99 APR -8 PM 12: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **Carolyn Bratton,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 98-N-1165-S |
| **Wal-mart Stores, Inc.,** | ] |
| Defendants. | ] |

ENTERED
APR 8 1999

### Memorandum of Opinion

In this negligence action originally filed in the Circuit Court for Bibb County and removed to federal court pursuant to 28 U.S.C. § 1441, the plaintiff Carolyn Bratton alleges that she was injured while shopping in a store operated by the defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"). Specifically, Bratton claims that as she walked down an aisle in the Wal-Mart store in Brent, Alabama, she slipped on a waxy substance and fell, resulting in personal injuries. The court has diversity jurisdiction over this controversy pursuant to 28 U.S.C. § 1332.

The matter is presently before the court on a motion for summary judgment filed by Wal-Mart on January 26, 1999. The motion has been fully briefed and is presently under submission. Upon due consideration, the motion will be denied.

## I.     Statement of Facts[1]

Plaintiff Carolyn Bratton went to the Wal-Mart store in Brent, Alabama, on July 9, 1997 at approximately 9:30 a.m. *Deposition of Carolyn Bratton* at 47, 65. When she entered the store she proceeded directly to the toy department to pick up three Barbie dolls. *Id.* at 48-49. After she picked up the dolls, she went to look at the newborn clothes and then walked back to the front of the store toward the cash registers. *Id.* at 49-51. While passing in between the men's and women's clothing sections, her right foot planted, shot backwards, and her left foot went to the side. *Id.* at 50, 53. As a result, she ended up in a "splits" position, landing directly on her right knee. *Id.* at 53-54.

The plaintiff stated that she was being careful and watching were she was going when she fell. *Id.* at 56. Prior to the incident the floor was clean, and she could not see any dirt, footprints, or shopping cart tracks on the floor. *Id.* at 55-56. After her fall, she noticed an oily, colorless substance on the floor and on her shorts. *Id.* at 56, 59. No dirt, footprints, or shopping cart tracks were visible in the substance, nor was there a container on the floor from which the substance may have come. *Id.* at 61. The substance was not in a puddle, but covered an area approximately two feet by two feet. *Id.* at 61-62.

After the plaintiff lifted herself off the floor, she told a store manager of her mishap. *Id.* at 60. She showed him the spot on the floor where she had slipped, pointing out the slip mark in the oily substance where her foot came out from under her. *Id.* at 61. The manager

---

[1] In developing the statement of facts in this opinion, the court considered those facts claimed to be undisputed by the parties, the parties' respective responses to those claims, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), *cert. denied, USX Corp. v. Cox*, 114 S. Ct. 900 (1995).

2

filled out a report documenting the accident. *Id.* at 63. Afterwards, the plaintiff left the store to return to her sister's home. *Id.* at 64.

No one from Wal-Mart told the plaintiff how the substance got on the floor, how long it had been there, or that they knew the substance was on the floor prior to the incident. *Id.* at 62-63. Peggy Reynolds, the department manager for Men's and Boy's Wear, was working that morning and said that she saw no oily substance nor felt any slick area on the floor while she walked the aisle zoning the area. *Affidavit of Peggy Reynolds*.

As a result of the incident, Bratton alleges various physical ailments and job-related hardships. *Deposition of Carolyn Bratton* at 66-86.

## II.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movants can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.

3

*Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient

4

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11(1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III.  Discussion

Under Alabama law, a storekeeper has a duty to exercise reasonable care to provide and maintain reasonably safe conditions on its premises. *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). Nonetheless, a storekeeper is not an insurer of customer's safety; he is liable for personal injury only if he negligently fails to use reasonable care in maintaining reasonably safe conditions on the premises. *Id.* No presumption of negligence on the part

5

of the store arises from the mere fact of injury to the customer. *Hose v. Winn-Dixie Montgomery, Inc.*, 658 So. 2d 403 (1995) (citing *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So.2d 874, 876 (Ala. 1982)). A claimant in a slip and fall action against a store must therefore prove that her injury was proximately caused by the negligence of the store or one of its employees. *Maddox*, 565 So.2d at 16. To demonstrate actual or constructive notice of the presence of a dangerous substance, a plaintiff must typically show "(1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the defendant]; (2) that [the defendant] had actual notice that the substance was on the floor; or (3) that [the defendant] was delinquent in not discovering and removing the substance. *Id.* (citing *Cox v. Western Supermarkets, Inc.*, 557 So.2d 831 (Ala. 1989); *Richardson v. Kroger Co.*, 521 So. 2d 934, 935-36 (Ala. 1988)).

The present case is somewhat unusual because the plaintiff has offered evidence which suggests that the defendant may have *caused* the hazardous condition which resulted in her injury. In *Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463 (Ala. 1992), the Supreme Court of Alabama stated that "[w]here the hazard results from the defendant's actions, the defendant is presumed to have notice of the hazard." *Id.* at 465. The Court went on to say:

> When the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice.

*Id.* (citing JOSEPH A. PAGE, THE LAW OF PREMISES LIABILITY § 7.11 at 169 (2d ed. 1988). The rule set out in *Dunklin* has been followed in subsequent opinions and in several different

6

contexts. *See Wal-Mart Stores, Inc. v. McClinton*, 631 So. 2d 232 (Ala. 1993) (protruding piece of molding on a gun cabinet that caused a man to fall created a dangerous condition and thus put Wal-Mart on notice of the hazardous condition); *Williams v. Bruno's Inc.*, 632 So. 2d 19 (Ala. 1993) (plastic price strips lying in the aisle constitute a hazardous condition created by the defendant).

At her deposition, the plaintiff testified that she had fallen on "an oily floor wax substance" and stated, "[T]hey had missed that area with the buffer. Because we use that at our nursing home." According to Ms. Bratton, she slipped on a clear, oily substance that smelled like floor wax and covered an area approximately two feet by two feet. *Deposition of Carolyn Bratton* at 56-57, 59, 61. Notably, she testified that the substance was not in a puddle, as one would expect had a customer dropped or spilled a bottle of wax. *Id.* at 61. Ms. Bratton also did not see a container from which the substance might have escaped. *Id.* at 61. In light of this testimony, the plaintiff has met her burden of "designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).[2] This evidence, in the opinion of the court, is sufficient to create a genuine issue of material fact regarding whether the defendant placed a slippery substance on the floor and was thus charged with knowledge of its presence.

## IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment will be denied. A separate order, consistent with this opinion, will be entered.

---

[2] *See Williams v. Bruno's, Inc.*, 632 So. 2d 19, 21 (Ala. 1993) ("Although Williams's testimony is to some extent disputed, he did present substantial evidence by his own testimony that there had been some objects on the floor and that those objects had caused him to fall.").

7

Done, this 7th of April, 1999.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE